UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS S. LEE,<br><br>        Plaintiff,<br><br>v.<br><br>LORI HARRIS; et al.,<br><br>        Defendants. | 3:11-cv-0856-LRH-WGC<br><br>ORDER |

Before the court is defendants Lori Harris ("Harris") and the United States' motion to dismiss. Doc. #4.[1] Plaintiff Thomas S. Lee ("Lee") filed an opposition (Doc. #8) to which defendants replied (Doc. #16).

Also before the court are plaintiff Lee's motion to squash summons (Doc. #2); motion to amend (Doc. #15); and motion to correct (Doc. #21).

I.   **Facts and Background**

Defendant Harris is a duly commissioned revenue officer with the Internal Revenue Service ("IRS"). Harris was assigned to collect tax liabilities of plaintiff Lee for the tax years 1994, 1995, 1996, 2003, 2006, 2007, and 2008.

On October 27, 2011, Harris issued and served an IRS administrative summons on Bank of

---

[1] Refers to the court's docket number.

America for information relating to all accounts on which plaintiff Lee was a signatory. In Response, on November 28, 2011, plaintiff Lee initiated the underlying action and filed the present motion to quash summons (Doc. #2). Thereafter, defendants filed the present motion to dismiss the action on the basis that plaintiff Lee is without standing to challenge the IRS administrative summons served on non-party Bank of America. Doc. #4.

**II.    Motion to Dismiss**

The court has reviewed the documents and pleadings on file in this matter and finds that plaintiff Lee does not have standing to challenge the IRS administrative summons. Pursuant to 26 U.S.C. §§ 7602 and 7609, the IRS may serve summons for books and records on third-party record-keepers for the purpose of collecting tax liabilities of individuals who use those record-keeping services. Only those parties statutorily entitled to receive notice of a summons have standing to challenge the summons and begin a proceeding to quash. *See* 26 U.S.C. § 7609(b)(2)(A).

As a general rule, when a summons is issued to a third-party, notice and a copy of the summons must also be served upon the person identified in the summons. *See* 26 U.S.C. § 7609(a). However, where a summons is issued in the aid of collection of an assessment made against a person, as in this case, no notice to that person is required. 26 U.S.C. § 7609(c)(2)(D)(i).

Here, the summons was issued specifically to aid in the collection of Lee's assessed liabilities. Because Lee is the taxpayer who owes the conceded tax liabilities, he is not entitled to notice of the summons served on Bank of America. *See* 26 U.S.C. § 7609(c)(2)(D)(i). As he is not entitled to notice of the summons, he is without standing to bring the present action. *See* 26 U.S.C. § 7609(b)(2)(A). Accordingly, the court shall grant defendants' motion to dismiss and dismiss this action to quash the IRS administrative summons served on Bank of America.

///

///

### III.  Motion to Amend

In his motion to amend, Lee seeks to add the IRS as an additional defendant in this action. The court has reviewed Lee's motion and finds that adding the IRS does not change the outcome of this action as it does not provide Lee standing to challenge the IRS administrative summons served on Bank of America. Accordingly, the court shall deny Lee's motion to amend as futile.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #4) is GRANTED. Plaintiff's civil action is DISMISSED in its entirety.

IT IS FURTHER ORDERED that plaintiff's motion to quash summons (Doc. #2) and motion to amend (Doc. #15) are DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to correct his motion to amend (Doc. #21) is GRANTED.

IT IS SO ORDERED.

DATED this 22nd day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE